James T. Sandnes (JS-8944)
Aron Zimmerman (AZ-4550)
BOUNDAS, SKARZYNSKI, WALSH & BLACK, LLC
One Battery Park Plaza, 32nd Floor
New York, NY 10004
(212) 820-7700
jsandnes@bswb.com

Frederick S. Fields (*pro hac vice*)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
(415) 391-4800

*Attorneys for Plaintiffs*
*PEGASUS AVIATION IV, INC. and PALS III, INC.*

Paul Ambos (PA-7334)
PAUL AMBOS, P.C.
110 Wall Street, 23rd Floor
New York, New York 10005-3836
(212) 514-6111
pambos@amboslaw.com

*Attorneys for Defendant Aerolineas Argentinas, S.A.*




**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEGASUS AVIATION IV, INC. and PALS III, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>AEROLINEAS AUSTRAL CHILE, S.A. and AEROLINEAS ARGENTINAS, S.A.,<br><br>Defendants. | 08-Civ-11371 (NRB) (DFE) |

**STIPULATION AND ORDER**
**OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiffs Pegasus Aviation IV, Inc. and PALS III, Inc., and defendant Aerolineas Argentinas, S.A. ("AA"), by their counsel, and ordered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that:

1. This stipulation and order shall govern the treatment of confidential material produced or made available in the course of discovery in the captioned action, whether by the parties or by non-parties. It shall be binding on the parties to this action, their attorneys and all Qualified Persons and Qualified Deponents (as those terms are defined in paragraphs 5 and 6, below, respectively) and all other persons who obtain access to such confidential material with notice hereof.

2. Any person providing information or producing documents in response to discovery requests or subpoenas in this action may, in good faith, designate such information or documents, or parts thereof, as "confidential" to the extent that such information or documents are non-public and contain trade secrets, proprietary information, private personnel information, commercial or business information (including without limitation financial data), material that by its nature would lose value if it were generally revealed, personal medical or financial records, or other information that the producing party in good faith believes is entitled to confidentiality. Material so designated is referred to in this stipulation and order as "Confidential Material." Either party may designate material disclosed by third parties in compliance with subpoena as "Confidential Material" notwithstanding the direct delivery of such

material by the party being subpoenaed to opposing counsel.

3. The portions of any document, answer to interrogatories, admission or deposition transcript designated "Confidential" shall be endorsed, page by page, with the legend "Confidential." The legend reflecting such designation shall not interfere with the legibility of the document, discovery response or transcript page on which it is placed. With respect to any "legalized" or otherwise certified documets (*i.e.*, any document that includes a certificate that it is a true copy of an original), marking the photocopies of any such document as "Confidential" shall be sufficient in the first instance. At the request of any party, the photocopies of any such documents may be compared for accuracy to the corresponding original documents, which need not be endorsed "Confidential." A party or person producing material designated as Confidential Material (an "Originator") shall reasonably limit the designation to only those documents or transcript pages which are entitled to protection. Answers to interrogatories, responses to requests to admit and portions of deposition transcripts containing Confidential Material shall be printed on separate pages from other materials not so designated. Any designation pursuant to this stipulation and order which is inadvertently omitted may be corrected by written notification to opposing counsel.

4. Material protected as Confidential Material under this stipulation and order shall not be used by any person receiving it for any purpose other than the preparation for trial or other adjudication of this action, and such material may not be disclosed, without the prior written consent of its Originator or by order of the Court, to

any person who is not a Qualified Person or Qualified Deponent, as defined in paragraphs 5 and 6, below, respectively. Nothing in this stipulation and order limits in any way (a) the use that the Originator of Confidential Material may make of such material, or (b) the persons to whom the Originator may disclose such material.

5. "Qualified Person" shall mean:

(a) any District Judge or Magistrate Judge of this Court, any member of the staff of such judge or of the Clerk's office, or any court-appointed mediator or special master in the captioned action;

(b) counsel of record for any party in this proceeding and their associates, legal assistants, secretaries and clerical personnel, as well as employees of stenographic reporting firms retained by such counsel to record and transcribe depositions;

(c) any expert, consultant or technical advisor retained for purposes of this action by counsel for any party (an "Expert"), provided that the party making disclosure to such Expert and the Expert shall both comply with paragraph 8 of this Stipulation and Order; or

(d) any party to this action, provided that if the party is a legally existing business entity, such disclosure shall only be made to those in house attorneys, managerial and other persons who reasonably need to review Confidential Material in order to supervise the conduct of or assist in the prosecution or defense of this action.

6. "Qualified Deponent" shall mean:

(a) a natural person who, directly or through his or her counsel, produces the Confidential Material to be used during his or her deposition;

(b) a natural person who is called in good faith as a witness and to whom disclosure is necessary for the conduct of the deposition and whose testimony on the subject cannot reasonably be obtained without reference to the Confidential Material; or

(c) a natural person who is called in good faith as a witness and to whom disclosure of Confidential Material is necessary in order to prepare for testimony that reasonably may be elicited and who cannot reasonably prepare for his or her testimony without use of the Confidential Material.

A Qualified Deponent is entitled to review such Confidential Material as: in the case of subparagraph (a), above, he or she produces; in the case of subparagraph (b), above, is necessary to obtain the testimony described therein; and in the case of subparagraph (c), above, is necessary to prepare for the testimony described therein. No disclosure of Confidential Material may be made to a Qualified Deponent who is not the Originator of such material except in compliance with paragraph 8 of this stipulation and order.

7. In the event that counsel for any party wishes to disclose Confidential Material to any person other than a Qualified Person or Qualified Deponent, such counsel shall first request in writing the permission of counsel for the other party. If counsel do not reach an agreement in writing on such proposed disclosure, the matter shall be submitted to the Court by application, made by counsel for the party wishing to make disclosure, on notice. The parties may stipulate that specific, limited portions or categories of the Confidential Material may be marked "Confidential -- Attorney's Eyes Only," in which case the so-designated Confidential Material shall not be disclosed to any Qualified Deponent or to a Qualified Person described in section 5(d) of this stipulation without the prior written consent (or consent on a deposition record) of the Originator or by order of the Court. If the parties cannot reach a stipulation as to such designation, the Originator, prior to production, may make application, upon a clear showing of good cause, for such additional protection.

8. Each person disclosing Confidential Material to (a) an Expert, (b) a Qualified Deponent who is not the Originator of such material, or (c) any person who is not a Qualified Person or Qualified Deponent, but to whom disclosure is permitted by written agreement of the parties or order of the Court, shall, prior to making such disclosure: (i) advise such Expert or other person of the protected status of the information under this stipulation and order; (ii) obtain from such Expert or other person a signed sworn affirmation (A) acknowledging such advice, (B) attesting that such Expert or other person has read this stipulation and order and (C) agreeing to abide and be bound by the provisions hereof; and (iii) serve a copy of such affidavit on counsel for the other party, provided that in the case of an Expert, the affidavit shall be served upon opposing counsel at the time required for service of expert reports under Rule 26(a)(2) of the Federal Rules of Civil Procedure or any applicable stipulation of the parties or order of the Court. The failure to obtain or to execute an affidavit pursuant to this paragraph 8 shall not diminish or alter the obligations of any person under this stipulation and order. No Expert or other person granted access to Confidential Material pursuant to this stipulation and order shall make disclosure of such material to any other person.

9. If any information or documents designated hereunder as "Confidential Material" becomes public through no fault of a party hereto, or is available from another unprotected source, such information or documents shall no longer be subject to protection pursuant to this stipulation and order.

10. Whenever briefs, memoranda, affidavits, exhibits or other documents or

things containing Confidential Material are filed with the Court, the same shall be placed in sealed envelopes in a form designated by the Clerk. When Confidential Material is presented, quoted or referred to in any deposition, counsel shall make arrangements to ensure that only Qualified Persons and Qualified Deponents are present at the time of such presentation, quotation or reference.

11. If any Confidential Material is to be referred to in any open court proceeding, the party intending to make such use of it shall advise the presiding judicial officer and the other party of that intention a reasonable time in advance of its use, so that the Court may make an appropriate order or counsel for both parties may enter into a stipulation concerning its use.

12. Any party may, after good faith consultation with the other party, seek review of the designation of any information or documents as Confidential Material, by making a letter application to the appropriate judicial officer supervising discovery, unless such judicial officer directs another procedure. If the Court determines that the designation is inappropriate, the designating party shall produce, at her or its expense, new copies of the portions of any responses to interrogatories or requests for admissions or document production affected by the Court's determination, without the "Confidential" designation.

13. The protection of Confidential Material afforded by this stipulation and order shall continue after final non-appealable judgment in this action, subject to the provisions of this paragraph 13 unless otherwise agreed by counsel. Following the entry of a final non-appealable judgment, the Originator of any Confidential Material

may send to any party which has received such material a written notice requiring that all such material and any copies thereof be returned to its Originator, at the Originator's expense. Any party to whom such a notice is directed shall comply fully with it no later than 7 days after counsel for such party has received such notice.

Dated. New York, New York
June 17, 2009

Respectfully submitted,

BOUNDAS, SKARZYNSKI,
WALSH & BLACK, LLC

By: ______________________
James T. Sandnes (JS-8944)

One Battery Park Plaza
New York, NY 10004
(212) 820-7700

Frederick S. Fields (*pro hac vice*)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
(415) 391-4800

*Attorneys for Plaintiffs*
*PEGASUS AVIATION IV, INC. and PALS III, INC.*

PAUL AMBOS, P.C.

By: ______________________
Paul Ambos (PA-7334)

110 Wall Street, 23rd Floor
New York, New York 10005-3836
(212) 514-6111

*Attorneys for Defendant*
*Aerolineas Argentinas, S.A.*

IT IS SO ORDERED:

______________________
U.S.D.J.
06/22/09